**ADRIATIC INSURANCE COMPANY, INC., Respondent,**

v.

**James BREWER, Appellant.**

No. 46475.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 2, 1983.

Motion For Rehearing/Transfer to Supreme Court Denied Sept. 15, 1983.

Application to Transfer Denied Oct. 18, 1983.

---

Stuart R. Berkowitz, Clayton, for appellant.

D. Raymond Raney, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Keaney, St. Louis, for respondent.

CLEMENS, Senior Judge.

Suit for summary judgment. Plaintiff-insurer Adriatic Insurance Company prevailed and defendant-insured James Brewer appeals.

Brewer's stolen tractor-trailer outfit had been insured by plaintiff Adriatic; coverage was either 100% as Brewer contends—or only 50% as Adriatic now claims. This depends on whether Brewer had accepted half coverage by another insurer, Transportation Insurers, Inc. (now defunct). The trial court held for Adriatic on the ground Brewer had released it. Brewer has appealed. We reverse.

The issues now raised require us to summarize the facts and trial court proceedings. These in chronological order:

Oct. 10, 1978: Brewer's truck and trailer stolen, and Adriatic's theft policy was then in effect.

Oct. 17, 1978: Transportation Insurers issued a theft policy to Brewer purportedly effective Aug. 15, 1978.

Jan. 18, 1979: Brewer made proof of loss to Adriatic.

Feb. 8, 1979: Brewer's counsel refused to execute a full release to Adriatic; this because Transportation Insurers' possible non-liability.

Feb. 28, 1979: Adriatic's counsel wrote Brewer's counsel stating Transportation Insurers' counsel had denied it had intended to insure theft.

Mar. 15, 1979: Adriatic's half-payment drafts with full release clause sent to Brewer but he returned them.

Apr. 17, 1979: Adriatic sends Brewer's counsel new drafts for half-payment, without full release clause.

July 19, 1979: Transportation Insurers' three alleged co-insurers denied having issued any policy to Brewer.

Aug. 18, 1979: Adriatic's multi-page, fine-print policy introduced, listing definitions, exclusions and 16 conditions, including "other insurance clause":

"10. OTHER INSURANCE. If the assured carries a policy of another insurer against a loss covered hereby, the assured shall not be entitled to recover from the Underwriters (Adriatic) a larger proportion of the entire loss than the amount hereby insured bears to the total amount of *valid and collectible insurance* . . ." (Our emphasis)

Oct. 23, 1979: Brewer files answer and counter-claim against Adriatic for unpaid half of its policy.

Feb. 4, 1982: Brewer files affidavit that (1) when he signed Adriatic's proof of loss he was told by adjuster Albert Earls that because of the Transportation Insurers' policy he could claim only half his loss against Adriatic; (2) that he did not intend thereby to release Adriatic; (3) that he had neither applied to nor paid any premium to Transportation Insurers.

Mar. 1, 1982: Judgment for Adriatic against Brewer on ground Brewer's release barred recovery.

We now consider the parties' briefs on the merits. Adriatic cites a host of cases upholding the voluntary release of claims. It stresses such cases as *Lugena v. Hanna*, 420 S.W.2d 335[4–6] (Mo.1967), holding language of a release cannot be contradicted. Adriatic further cites our court's opinion in *State ex rel. Stutz v. Campbell*, 602 S.W.2d 874[2–4] (Mo.App.1980) holding:

"(i)f the plain language of the release declares that there is a release from any

and all actions or suits of any kind or nature whatsoever resulting from a particular accident, that language forecloses any speculation as to the intent of the parties because the intent is revealed without question by the words used."

Those cases upholding releases were based on settlement of personal injury or property damages. Their gist, as recited in Adriatic's case of *Sanger v. Yellow Cab Co.,* 486 S.W.2d 477[1] (Mo.1972) excludes settlements based on fraud, misrepresentation or unfair dealing.

As noted, before Adriatic originally issued its half-payment drafts Brewer's counsel had written Adriatic he ". . . wish(ed) it to be clearly understood that by the acceptance by Mr. Brewer of any partial payment . . . he does not waive but strictly reserves his right to subsequently claim and receive total payment for his loss . . . if and when it is finally determined that there was no other valid coverage in force and effect at the time of the loss in question." Despite this, Adriatic sent Brewer drafts for half his loss, but marked as full and final release. Brewer returned the drafts and notified Adriatic he could not accept them absent a determination of coverage by Transportation Insurers. Thereupon Adriatic reissued its original drafts, without the challenged release notations.

Adriatic then presented and Brewer signed proofs of loss forms. As said, they included the now challenged full release clause. This inclusion was contrary to Adriatic's willingness to accept Brewer's previous demand that its drafts be issued without any reference to being a full release. In other words, Adriatic knowingly gave Brewer its drafts without a release clause, but now relies on the release clause included in its proofs of loss.

■ A primary rule of construction in interpreting a release is that the intention of the parties shall govern. See *Williams v. Riley,* 243 S.W.2d 122[1, 2] (Mo.App.1951), holding:

"(A)ny question regarding the scope and extent of a release is to be determined according to what may fairly be said to have been within the contemplation of the parties at the time the release was given, which, in turn, is to be resolved in the light of all the surrounding facts and circumstances under which the parties acted."

Upholding this *Williams* case in *State ex rel. Normandy Orthopedics v. Crandall,* 581 S.W.2d 829[4] (Mo. banc 1979) the court ruled:

"(A)ny question regarding the scope and extent of a release is to be determined according to what may fairly be said to have been within the contemplation of the parties at the time the release was given, which, in turn, is to be resolved in the light of all the surrounding facts and circumstances under which the parties acted."

We hold Adriatic's course of conduct is inconsistent with its present reliance on the quoted proof of loss release language. This reliance, if not fraudulent, is not free of the misrepresentation and unfair dealing condemned in *Sanger v. Yellow Cab Co.,* supra.

Reversed and remanded.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.